Good morning, Your Honor. Norman Leon for the appellant, Coverall North America. With the court's permission, I'd like to reserve one minute of my time for rebuttal. Okay. Go ahead. Your Honors, I'd like to start by addressing the narrow question of whether the trial court properly reached the enforceability and scope of the arbitration agreement in denying Coverall's motion to compel arbitration. And to frame that issue properly, I want to emphasize the distinction we tried to draw in the district court between determining whether an agreement permits class or collective arbitration on the one hand, and whether an arbitration agreement is valid and enforceable on the other. Well, Mr. Leon, I have to say I'm a little confused by the position that you took in the district court and the position you're taking on appeal. That you specifically urged the district court to compel arbitration of Rivas' pocket claim on an individual rather than a representative basis. And then on appeal, you argued that the court erred in determining that Rivas couldn't arbitrate his claim individually. So how are those positions consistent? I mean, it seemed like you asked the district court to do certain things, and now you fault the district court for doing those things. It is a confusing issue, and, Your Honor, it rests on the fact that courts have drawn a distinction between what questions go to an arbitrator and what questions don't go to an arbitrator, even in cases where there is a delegation clause, as there is in this case. We told the district court, and this actually appears on page Supplemental Excerpts of Record 11 in our motion, that as this particular district court had already acknowledged, the parties had a valid delegation clause, but there was an exception to that issue. And on the next page, page 12 of the Supplemental Excerpts of Record, we say that notwithstanding that delegation, this court, not an arbitrator, has the authority to decide the question of whether arbitration can proceed on a representative basis. And we tried to emphasize that exact same point in our reply on page 7, where we stated that the only question presented was whether the agreement permitted anything other than bilateral arbitration. We also specifically told the court that whether the plaintiff could proceed individually was a question for the arbitrator. So I acknowledge that it is not a simple and straightforward issue, because this is evolving. Well, it's really confusing, because I'm a co-author of what they call the Pink Book. It's California. It's the employment law book in California. And so I'm familiar with all of these cases. And Saqqaab, when you get, you've got Saqqaab, Saqqaab considered and rejected the argument for making, and it was rooted in Concepcion, that PAGA claims are incompatible with bilateral arbitration. So then we've got EPIC, and we've got LAMPS Plus. And I mean, we really have to see, I mean, Concepcion created a tension with PAGA. There's no two ways about it. But Saqqaab is binding on us. So really, for me, I think for you to prevail, EPIC and LAMPS Plus have to have expanded Concepcion and specifically overruled Saqqaab and that whole area. So, and PAGA is just a very strange, it's a very strange statute. And not everyone has it. And I don't even know if very many other states have it. But how, you know, there might be a couple other places, but it's kind of a key tongue type thing. So that's, that's what I'm struggling with, because we're bound by Saqqaab. And unless EPIC and LAMPS Plus overruled that, thereafter it, you know, Concepcion, the tension started there. I think your, your honor is right on everything with respect. One issue I would take, slight issue, slight, slight different position on, and that's whether or not this arbitration could proceed individually, I think is a question for the arbitrator under the delegation clause, because it goes to the scope and enforceability of the arbitration agreement. And that's the point that we tried to make. But, but I understand that in terms of battling Saqqaab, I am somewhat swing upstream. I don't think the Supreme Court would just, I don't, I probably not. I don't think they would decide Saqqaab the way that we decided Saqqaab. I think it's problematic. And it is really a tension. And after Concepcion, I mean, I think that it pretty much made clear when in doubt, send to arbitration. That's what the Supreme Court is saying. But, but I don't know that I, I don't think they, PAGA is different than other class actions. It's different than it lies somewhere between, between a key TAM action and a class action. It certainly can't be considered a pure key TAM action because it really bears none of the attributes of a key TAM action because the plaintiff controls the action entirely. They decide what claims to bring, what relief to seek, when to settle, whether to settle, the terms on which to settle. And that's not the way a key TAM action truly works. But in terms of dealing with Saqqaab, I do want to address the issue as to whether or not Concepcion actually would have taken a different view. And I think it clearly would have. And I think, again, with respect that Saqqaab applied a wrong principle in deciding whether or not a PAGA claim would be preempted by the FAA because it applied a rule based upon something that it determined was implied in Concepcion, which is that if a test applied in both litigation and arbitration, it would be just fine under the Federal Arbitration Act. And that's not the test. If that were the test, a court or a legislature could effectively preclude the arbitration of any type of claim by devising a rule that applied in both courts and in arbitration. If the legislature came up with a rule, for example, that said that the right to proceed collectively in wage and hour disputes was a public policy of the state, that rule would apply to all wage and hour claims, and it would apply equally in court and in arbitration. And it would also require class arbitration. But that rule would clearly fall under Section 2. That's exactly what happened in Perry v. Thomas. If that's effectively the same type of rule that Saqqaab concluded passed muster under Section 2, I understand that PAGA, at least as interpreted by Iskanian, reflects the state's desire to have wage and hour claims resolved on a collective basis. But that preference cannot override the FAA's dictate that arbitration agreements must be... They have not done that yet, Your Honor. I'm sorry, was someone speaking that I interrupted? No, no, no. Oh, I apologize. Counsel, I have a question. Agent Timotei has a question. So it sounds like the district court... Well, let's put it this way. The arbitration clause only allows individual claims and not class claims. The district court considered PAGA a representative claim and then just said you can't arbitrate that. I don't understand the basis of that. Why is a representative claim closer to a class claim versus an individual claim? I think a representative claim is closer to a class claim than a representative claim because they're seeking relief on behalf of other allegedly aggrieved employees. This is not... I would say that, Your Honor, that the fiction that this is really a representative claim really doesn't hold when you consider the facts. This is no more a representative claim than a class action is a representative claim because it has a single named plaintiff that purports to represent the interests of a thousand or several thousand plaintiffs. The same relief is sought here. The only effective difference between this claim and a pure class action, aside from the fact that you have none of the safeguards of Rule 23, is the fact that the plaintiffs don't get 100% of the recovery. 75% goes to the state. 75% goes to the state and then also, too, they don't get damages, really. They get what? Well, they get like penalties or whatever. And I think they can get injunctive relief, too. Maybe. Yes, correct. Correct, Your Honor. So then why isn't the district court correct then that you can't arbitrate this claim because it is more like a class action claim? Because if it's more like a class action claim, and we believe that it is, that falls squarely within Concepcion. And Concepcion, therefore, would override any state public policy that purported to preclude... No, you can't override your arbitration clause which says that class action claims can't be arbitrated. That's correct. They could not be arbitrated on a class-wide basis. They would need to be arbitrated individually. That's our exact point. Whether or not this is treated as a representative claim or a class action claim, there's nothing that precludes them from prosecuting this claim on an individual basis. Well, that's why I was wondering, why isn't it a representative claim more like an individual claim? Because the representative... I see my time is up, Your Honor. No, keep answering. Because in this particular context, under PAGA, they are seeking relief not just for violations regarding them, but they're seeking relief for alleged violations that were committed with respect to every other putative member of whatever you want to call it. The representative group, the collective, the class. Effectively, the result is the same at the end of the day. Every single person that is allegedly aggrieved by this conduct is covered by this suit. So, again, there's just no practical difference between the relief sought in the class action and the relief sought here, other than the allocation of damages and the absence of Rule 23 safeguards. Do either of my colleagues have any additional questions? I'm good. Okay, I'll give you two minutes on rebuttal, Mr. Leon. Okay. Thank you, Your Honor. All right. Is it Ms. Lise Reardon? Good morning. May it please the Court, Your Honor. I'm Lise Reardon for the plaintiff in this case. So, Your Honor, the discussion that you just had, you're correct. This court is bound by SACOB. COVERALL is really just trying to get this court to overrule SACOB based upon the Supreme Court decisions in EPIC systems and LAMPS Plus. But there really is tension. I mean, I think everyone, this is a very confusing area. And EPIC systems emphasize that courts should enforce arbitration agreements according to their terms, including when they require one-on-one arbitration. I mean, it isn't really, it's not neatly reconcilable with SACOB. That's it. You know, there's a tension there. There's not two ways about it. And a lot of people, you know, a lot of the belief is California, of course, California is its own nation anyway. I'm a native Californian. And that being the case, we think that we can make up rules for everyone. But that being said, a lot of people view PAGA as an end-run on class actions with regard to this arbitration thing. And the cases are a bit in tension. Would you agree? Well, Your Honor, this court fleshed through all that in SACOB and found a difference between representative PAGA claims and class actions. And remember that in EPIC systems, the issue that was actually decided was whether or not the NLRA creates a right to group actions and whether that is preempted by the FAA. And it did cite SACOB with a little bit of, on one small issue, not this issue, it did say that SACOB got that right. So it didn't specifically overrule SACOB. I agree there, but it didn't really create an understandable situation. Well, I think a lot of the discussion that Cabral is hanging its hat on is frankly dicta in the EPIC systems decision that led it to reach the conclusion that the FAA governs over the NLRA. So that was what was decided there. And LAMPS Plus decided a different issue, decided an issue about whether or not class arbitration can be compelled, even when there is an ambiguous arbitration agreement. So neither of those cases addressed the issue that was here. This court is still bound by SACOB. The Supreme Court has denied cert on this very issue, I think, four times. So there's really what Cabral is trying to do is ask this court to overrule SACOB or it might try to use this case as a vehicle to get back to the Supreme Court for a fifth bite at the apple. Can I ask you this, how many states have PAGA-like statutes? I'm not sure if any other state has a statute that is quite like PAGA. Okay. But what the court did recognize in SACOB and in Eskanian is that there is a difference between a representative action and a class action. It is a case brought on behalf of the state. It is recognized to be like a CRETOM action. The state does have a level of control, unlike what Mr. Leon just explained. The state can authorize or not authorize individuals to serve in that representative capacity. If a plaintiff reaches a settlement of a PAGA claim, the state has the opportunity to step in and say, no, we don't like that settlement. So it is a way of expanding the resources of the state and expanding it to private parties who can step into the shoes of the state simply because the state has limited resources. It's not a class action. Can you answer me this? Can you answer me this? I asked Mr. Leon. I was confused. I was having a problem finding consistency with what they argued to the district court and what they're arguing here. And I posited, it seems like the district court did just what you asked the district court to do. And now you're complaining that the district court didn't do that. Can you give me your response to that? Yes. I mean, you're absolutely right. Coverall has been changing its strategy along the way in this case. It did ask the district court to decide this question, whether or not coveralls arbitration clause could prevent plaintiff from pursuing a representative action in court. It asked the court to decide whether arbitration could be held on a representative basis. It asked the court to compel arbitration on an individual basis. Coverall didn't like the response. And now it comes to this court and says the district court didn't even have the power to decide the threshold issue. But that's directly contrary to what Coverall argued below. It's trying to come up with this confusing argument. That's not what it argued. But it's black and white there in the papers for you. Coverall asked the district court to make this decision. So it's waived the delegation issue. Well, let me ask you this then. What's good for the goose is good for the gander. You argue in the alternative that Coverall waived its right to compel arbitration. Why should we decide this issue in the first instance here on appeal? Because you didn't argue that previously. I need to go back and look at that, Your Honor. I don't recall that we didn't argue that below. I thought that we had. This case was 18 months in. There had already been motion practice, decisions, discovery. We had briefed summary judgment. Discovery was closed. And then Coverall decided to reverse course and try to move to compel arbitration. Well, I think they were several months into the litigation when they first informed Revis of the intent to seek arbitration. I agree with you that the record supports that. But they didn't actually do it until 18 months in. So if anything is waiver, that should be waiver. So this court doesn't even need to address the whole SACOB, whether a Skanian was overruled by Epic Systems and Lamb's Plus question, because there's waiver here. There's waiver of arbitration. On the delegation issue also, as we set forth in our papers, Coverall waived that because it asked the district court to make this decision. But even if there weren't waiver there, there are multiple reasons why delegation should not be found. I mean, it's extremely important here that the arbitration agreement doesn't even include a delegation clause. It just references the AAA rules. And there is a growing body of case law recognizing that when an arbitration agreement doesn't say that arbitrability will be decided by an arbitrator, but it just refers to some arbitration rules that may be enforceable when you have sophisticated. Can I ask a question about something you said earlier? You said the PAGA claim is not like a CLAX action, and it's more like an individual action. So I guess then my question is, why isn't it then arbitrable under the arbitration agreement? Well, I think that's actually a very interesting question, Your Honor. We argued below, we've made the point below that the federal courts and state courts actually have somewhat of a split on this question. And there are federal courts that appear to recognize that representative PAGA claims can be arbitrated, whereas the state courts have rejected that. So we even tried to arbitrate this case originally. So you would not object to arbitrating the PAGA claim in an arbitration? We wouldn't, but the issue was that Coverall pressed and will press and will always press that any claim can only be individualized. So if we got compelled to arbitration, we would then have to have the whole battle all over again for an arbitrator about whether it can proceed on a representative basis. If this court were to clear this confusion and be arbitrated on a representative basis, that might make a difference there. There's also the question about whether Coverall will even let this plaintiff get his foot in the door. When we tried to do that originally, they tried to saddle him with $4,000 in initial filing fees, which were out of his reach. So there are problems with trying to leave this to arbitration. But if it were made clear that a company couldn't do that, that it would have to pay for the arbitration and that a representative PAGA claim could be pursued in arbitration, we wouldn't have a problem with that. But we've opposed Coverall's motion because it's clearly trying to prevent Mr. Rivas from pursuing his representative claim anywhere. And that's the real problem under Iskanian, is that a PAGA claim can't be foreclosed altogether anywhere. All right. So if we wrote an opinion to that effect, would that be the sure vehicle to the Supreme Court? That maybe Mr. Leon has not been successful with. If we go where no one has gone, would that be the silver bullet? I'm sorry. If you said that an individual PAGA, I'm sorry, that a representative PAGA claim could be arbitrated? Yes. Well, I mean, that is an issue that hasn't been decided by the Supreme Court. I guess they would then have to decide whether under Lamps Plus this is like a class action or is like an individual action. The Supreme Court of California said in Williams that a PAGA claim is not a class action. It's brought on behalf of the state. The bulk of the remedy goes to the state. The state has control over whether it can even be brought and whether it can be settled. From a predictive sense, I would suspect, because California is out there on its own, if California continues to say that the state can say that it can't be waived and it's not a class action, I think it might fall within the Bank West and Concepcion would eat that alive. I think right now PAGA is standing out there in a confusing way and we're having these cases. But I'm not sure, to be honest, you know, be careful what you wish for, I guess, because I'm not sure the Supreme Court would go your way if they took the case directly on. But I think we have to reconcile with SACOB or decide that EPIC overrules SACOB or Lamps Plus. So on the issue about whether you can arbitrate a representative claim, I don't see a reason why you cannot. But if you cannot, then Iskanian and SACOB kick in and that makes the arbitration clause unenforceable in this case. OK, but do either of my colleagues have any additional questions? OK. And, you know, if you we've taken a lot of your time, if you want a minute to wrap up, I'll give you that. OK, thank you, your honors. I think I mean, I think I think we covered I think we covered the argument. What coverall is trying to do here is get this panel to overrule a prior panel. And it has no basis for doing that. And the case can be decided on that issue alone. It can also be decided on waiver. We talked about some interesting issues here that haven't been fully fleshed out. I just don't know whether the court needs to address these issues. But I think one way or another, the law of the circuit is that a representative PAGA claim needs to be able to go forward somewhere. And that's all we're trying to do in this case. Thank you. All right. Thank you, Mr. Leon. You have two minutes. Thank you, your honor. A couple of points I'd like to make. First, the notion that PAGA claims cannot be litigated individually, I think, is inconsistent with Iskanian itself. Iskanian said a party could not waive the right to pursue a PAGA claim in a representative capacity pre-suit because the suit belonged to the state. But Iskanian also said that the right to proceed on a representative basis could be waived after the dispute arose. That's right. Sakab noted the same distinction. The fact that the claim can proceed individually means there's no reason that the arbitration agreement, which would require the plaintiff, cannot be enforced as required by Concepcion in terms of asking this question. But there's nothing in the arbitration agreement that requires Mr. Rivas to waive representative claims. The district court concluded that the wording of the agreement, and I think the district court's ruling in this respect was completely correct, that the wording of the agreement bars any sort of representative class or collective claims that he would need to proceed on his claims in an individual basis. But that's not in the words of the arbitration agreement. The arbitration agreement requires claims to be resolved individually. That is in the arbitration agreement, Your Honor. In terms of the waiver issue, I don't want to spend a lot of time with that, but I'll simply note that after Varela came down in April of 2019, we immediately advised the court in May of 2019 that we intended to move to compel arbitration in light of that decision. We refrained from doing it earlier only because we thought that the agreement was somewhat ambiguous in terms of whether or not it would preclude representative actions. That's why we presented that issue to the court for exactly the reasons that this court held in the Shifkoff case, that that was a gateway issue that goes to the court to decide, unless the court has any further questions. We don't appear to. Thank you both for your helpful argument in this murky area of the law. We appreciate it. Thank you, Your Honors. Thank you.
judges: Callahan, Presnell, Bumatay